UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JOHN PETER MARTORI; JOSEPH RITCHIE MARTORI; and TORI MARTORI, | ) ) ) ) | |
| Plaintiffs, | ) ) | 2:09-cv-00212 JWS |
| vs. | ) ) | ORDER AND OPINION |
| GOLDEN RULE INSURANCE CO., an Indiana corporation; RICHARD GOLDBERG; | ) ) ) ) ) ) | [Re: Motions at Dockets 7 and 12] |
| Defendants. | ) ) | |

## I.  MOTIONS PRESENTED

At docket 7, plaintiffs John Peter Martori ("John"), Joseph Ritchie Martori ("Joseph"), and Tori Martori ("Tori") (collectively, "the Martoris") move for an order remanding this matter for further proceedings to the Maricopa Superior Court pursuant to 28 U.S.C. § 1447(c).  Defendant Golden Rule Insurance Company ("GRIC") opposes the Martoris' motion at docket 9.  The Martoris reply at docket 10.  In response to the Martoris' reply brief, GRIC moves at docket 12 for leave to file a motion to strike portions of the Martoris' reply brief and a sur-reply on the ground that the Martoris' reply brief contains a new legal argument, and relies on improper extrinsic evidence and

expert testimony.  GRIC lodges its proposed motion and sur-reply at docket 13.  The Martoris respond to GRIC's motion for leave at docket 14.  GRIC replies at docket 15.  Oral argument was requested, but would not assist the court.

## II.  BACKGROUND

The Martoris filed suit against GRIC and Richard Goldberg ("Goldberg"), an insurance broker who sold the GRIC insurance policy at issue in the lawsuit, in the Superior Court of Arizona for Maricopa County on December 31, 2008.  In 2002, Joseph and Tori Martori purchased a major medical insurance policy, issued by GRIC on December 1, 2002, policy number 054768190 (the "Policy"), from Goldberg. The Policy was extended to cover John on January 15, 2003.  Because John was scheduled to have (and has since had) surgery, which the Martoris allege is covered by the Policy, they sought to have GRIC provide a predetermination of coverage under the Policy, which GRIC allegedly refused to provide.  GRIC subsequently determined that John's surgery was subject to a $10,000 lifetime maximum coverage per person.

A copy of the Martoris' complaint appears as Exhibit C to the Notice of Removal at docket 1.  The complaint is not a model of the pleader's art, but from the entire document, the court has distilled the following description of the claims which are referred to as "counts."  In Count One the Martoris seek a declaration from the court pursuant to A.R.S. §§ 12-1831-1846 that John's surgery is covered under the Policy to the same extent as any other sickness or injury.  In Count Two they ask for an injunction prohibiting GRIC from denying such coverage.  In Count Three the Martoris seek compensatory damages from Golden Rule in the event that Golden Rule does not

provide such insurance coverage.  Count Four alleges that GRIC engaged in bad faith claim handling.  In Count Five, the Martoris allege that if Golden Rule does not provide insurance coverage for John's surgery equivalent to the coverage which would be provided under the Policy for any other sickness or injury, then Goldberg committed insurance producer malpractice.  The second claim against Goldberg is pled in Count Six where the Martoris allege that if GRIC is not required to pay for John's surgery, then Goldberg breached a contract to obtain the insurance the Martoris sought.  Count Seven alleges that based on the doctrine of reasonable expectations, Golden Rule is obligated to pay damages.  Finally, in Count Eight, the Martoris seek punitive damages from Golden Rule.  In addition to declaratory and injunctive relief, and damages, the Martoris seek an award of attorneys' fees.

      GRIC filed a notice of removal on February 4, 2009, claiming diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) & (c) and 1441(a).  Plaintiffs are citizens of Arizona and GRIC is organized under the laws of Indiana and has as its principal place of business in Indianapolis, Indiana.  GRIC alleges that Goldberg, a resident of Arizona, was fraudulently added as a defendant to defeat diversity jurisdiction, arguing that the Martoris suit does not involve a legitimate insurance procurement or malpractice claim, but instead revolves around a determination of insurance coverage based on the Policy. GRIC notes in its amended answer that Goldberg is an independent insurance broker and not an agent or employee of GRIC.  GRIC also denies having engaged in any misconduct or breach of the policy, and takes the position that the coverage provisions of the policy "contain a $10,000 lifetime maximum in covered expenses for surgery to

treat craniomandibular disorders, mal occlusions or disorders of the temporomandibular joint [TMJ]."[1]

The Martoris filed their motion to remand on February 18, 2009, arguing that the court lacks diversity jurisdiction because Goldberg is a resident of Arizona. The Martoris argue that GRIC bears the burden of establishing diversity jurisdiction - that is, GRIC must establish that it was more likely than not that Goldberg was fraudulently added to defeat diversity jurisdiction. Moreover, the Martoris argue that GRIC cannot establish that their claim of damage exceeds the jurisdictional floor. GRIC opposes the Martoris' motion, arguing that (1) Goldberg is not a proper party to the lawsuit, (2) the Martoris have failed to state a claim against Goldberg, (3) the Martoris' claims against Goldberg are time-barred, and (4) the amount in controversy exceeds the jurisdictional threshold.

The Martoris reply in part by reiterating the arguments made in their original motion papers, but in addition, they have submitted various exhibits, including a joint affidavit from Joseph and Tori. The Martoris' affidavit attempts to establish Goldberg's connection to the lawsuit by asserting that Goldberg assured Joseph that John's procedures "would be covered as any other sickness or injury so long as insurance coverage for John was in place for at least one year before the expected procedures were performed."[2] The exhibits include an affidavit from plaintiffs' lawyer, Frederick C. Berry ("Berry"). Berry purports to opine in the role of an insurance expert. The reply also mentions in passing that Goldberg did not consent to removal. Asserting that the

---

[1] Docket 8 at 5.

[2] Docket 10-2 at 2.

Martoris have improperly raised new issues in their reply, GRIC moves for leave to file a motion to strike portions of the reply brief and to file a sur-reply.  In its lodged sur-reply, GRIC argues that the Martoris improperly raised the consent-to-removal argument for the first time in the reply.  GRIC also argues that the Martoris' reply brief improperly relies on facts not contained in their complaint and that the affidavit of Berry is unethical and constitutes improper expert testimony.  The court considers the parties' various arguments below.

### III. STANDARD OF REVIEW

Section 1447(c) provides that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[3]  The subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion, or in the responsive pleadings.[4]  A defendant has the burden of establishing that removal was proper.[5]  The removal statute is to be strictly construed against removal.[6]  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case.[7]

---

[3] 28 U.S.C. 1447(c).

[4] *Id.*

[5] *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

[6] *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

[7] *Santos v. People of Guam*, 436 F.3d 1051, 1053 (9th Cir. 2006).

Jurisdiction in this case is based exclusively on diversity of citizenship. Original diversity jurisdiction exists under 28 U.S.C. § 1332(a) when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."[8] When an action is removed based on diversity, complete diversity must exist at the time of removal.[9] Complete diversity requires each plaintiff to be a citizen of a different state than each defendant.[10] Federal courts look only to the plaintiff's pleadings to determine removability - that is, generally, diversity is determined from the face of a complaint.[11] One exception to the requirement of complete diversity, at issue here, is where a non-diverse defendant has been "fraudulently joined."[12]

## IV. DISCUSSION

GRIC's notice of removal asserts that the Martoris "fraudulently added [Goldberg as a defendant] to defeat diversity jurisdiction because this case does not involve any insurance procurement or insurance producer malpractice issues but instead involves a determination of medical coverage based on a policy issued by Golden Rule Insurance Company that has been in place since December 1, 2002."[13] "Joinder of a non-diverse

---

[8] 28 U.S.C. § 1441(a).

[9] *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986).

[10] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Morris v. Princess Cruises,* Inc. 236 F.3d 1061, 1067 (9th Cir. 2001).

[11] *Gould*, 790 F.2d at 773.

[12] *Morris*, 236 F.3d at 1067.

[13] Docket 1 at 2.

defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"[14] Although the court is usually limited to the plaintiff's pleadings in assessing removability, the removing defendant "is entitled to present the facts showing the joinder to be fraudulent."[15] In support of its fraudulent joinder allegation, GRIC claims that the Martoris' claims against Goldberg fail to state a claim upon which relief may be granted. To that end, GRIC asserts that Goldberg played no role in its coverage decisions and was not a party to the insurance contract; rather, Goldberg merely sold the Martoris the GRIC policy. In addition, GRIC argues that the Martoris' claims against Goldberg are time-barred which, if true, would also render Goldberg fraudulently joined.[16]

The Martoris' first claim against Goldberg is for breach of duty of reasonable care, skill, and diligence amounting to professional malpractice. In Arizona, the statute of limitations for professional negligence is two years from the date of accrual of such claims.[17] In malpractice actions, Arizona applies the discovery rule, which states that a cause of action accrues only "when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendants' conduct and therefore the statute of limitations does not begin to run until that time."[18] GRIC has not persuaded the court

---

[14] *Morris*, 236 F.3d at 1067.

[15] *Id.* (internal quotations omitted).

[16] *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998).

[17] A.R.S. § 12-542.

[18] *Logerquist v. Danforth*, 188 Ariz. 16, 19 (Ariz. 1996) (citation omitted); *see also Kenyon v. Hammer*, 142 Ariz. 69 (Ariz. 1984) (malpractice action).

that the Martoris' claims against Goldberg accrued prior to January 12, 2009, when GRIC indicated that it would not cover John's surgery.[19]  As a result, for purposes of the present motion, the claims against Goldberg may not be considered time-barred.

GRIC also urges that the Martoris have failed to plead a claim against Goldberg upon which relief may be granted.  This argument is akin to a motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6).[20]  The court finds it appropriate to consider Rule 12(b)(6) jurisprudence in evaluating GRIC's argument.  When reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[21]  The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[22]  A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[23]  GRIC relies on the recent decision by the Supreme Court in *Bell Atlantic Corporation v.*

---

[19] Docket 10-5 at 11.

[20] A federal court sitting in diversity applies state substantive law and federal procedural law.  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

[21] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[22] *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1982) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.*, 674 F. Supp. 782, 785 (C.D. Cal. 1986)).

[23] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

*Twombly* [24] to show that the Martoris' complaint is inadequate to state a claim for either professional malpractice or breach of contract.

In Arizona, "[a]n insurance agent owes a duty to the insured to exercise reasonable care, skill and diligence in carrying out the agent's duties in procuring insurance."[25] "The essential nature of actions to recover for the breach of such duties is not one 'arising out of contract,' but rather one arising out of tort - breach of legal duties imposed by law."[26] Moreover, Arizona courts have recognized that an insurance agent does have a personal relationship with an insured.[27] An agent who "holds himself out to the public as possessing special knowledge, skill or expertise must perform his activities according to the standard of his profession. If he does not, he may be held liable under ordinary tort principles of negligence for the damage he causes by his failure to adhere to the standard."[28]

Based on the face of the pleadings, GRIC contends that the Martoris fail to allege any materials facts with respect to Goldberg's engagement.  The Martoris' malpractice

---

[24] 127 S. Ct. 1955 (2007).  *Twombly* altered the Rule 12(b)(6) standard in the context of an antitrust claim, and held that, to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.  It is unclear whether *Twombly* was intended to apply outside the antitrust context, but the Court appears to suggest that it may apply in complex cases where discovery can be costly.  *See id.* at 1967 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management' . . . .") (citation omitted).

[25] *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 397 (Ariz. 1984).

[26] *Barmat v. John and Jane Doe Partners A-D*, 155 Ariz. 519, 523 (Ariz. 1987)

[27] *Darner*, 140 Ariz. at 397. ("[A]n insurance agent performs a personal service for his client, in advising him about the kinds and extent of desired coverage and in choosing the appropriate insurance contract for the insured.").

[28] *Id.* at 398.

claim is set out in Count Five.  GRIC argues that the allegations against Goldberg are mere "formulaic recitations of the elements of breach of contract and professional malpractice."[29]  The court sees more in Count Five than that.  A fair reading of the complaint as a whole (including the allegations in Count Six) gives notice that the Martoris went to Goldberg to get insurance that would cover risks such as John's surgery, and that if the insurance procured does not provide that coverage, then Goldberg failed to discharge his professional responsibility.  The court finds this to be an adequate description of the malpractice claim against Goldberg under ordinary notice pleading standards.  While the court is well aware of the potential impact of *Twombly* on pleading standards under the Federal Rules of Civil Procedure, so far as this court can discern the Supreme Court has not suggested that a *Twombly* analysis would apply to a garden variety malpractice claim.[30]  GRIC does not cite any Ninth Circuit authority applying *Twombly* to such claims, and this court knows of none.  This court finds that the malpractice claim read in the context of the entire complaint, although inartfully pled, is sufficient under Federal Rule of Civil Procedure 8(a).  It follows that the Martoris have pled a claim against a citizen of Arizona which means that complete diversity is lacking.

      Given the court's conclusion regarding the malpractice claim, it is unnecessary to consider the dispute as to the contract claim.  Similarly, it is not necessary to resolve the argument over the amount in controversy.  Moreover, because the court has reached its conclusion without considering the materials supplied by plaintiffs with their reply memo

---

[29]Docket 9 at 7.

[30]See the discussion in note 24.

or the argument that Goldberg did not consent, GRIC's request to strike a portion of the reply and to file a sur-reply is moot.

## V.  CONCLUSION

For the reasons set forth above, the Martoris' motion to remand at docket 7 is **GRANTED**, and GRIC's motion for leave to strike portions of the Martoris' reply brief and to file a sur-reply at docket 12 is **DENIED** as moot.  This case is **REMANDED** to the Superior Court of Arizona, Maricopa County.

DATED at this 14th day of May 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE